## CENTRAL METROPOLITAN BANK OF ST. PAUL, INC. v. FIDELITY & CASUALTY COMPANY.[1]

March 6, 1925.

No. 24,356.

**Trust receipts of principal no part of bond.**

1. The bond on which the action is based is complete in itself and the so-called trust receipts executed by the principal therein to the obligee did not become a part thereof.

**Defendant not prejudiced.**

2. Defendant was not prejudiced by the submission of that question to the jury.

**Decision on former appeal.**

3. The decision on the former appeal determined that the evidence was sufficient to sustain the verdict.

*Headnote 1. See Principal and Surety, 32 Cyc. p. 73.
Headnote 2. See Appeal and Error, 4 C. J. p. 1024, § 3009.
Headnote 3. See Appeal and Error, 4 C. J. p. 1110, § 3091.

After the former appeal reported in 159 Minn. 28, 198 N. W. 137, defendant's motion for a new trial was denied, Olin B. Lewis, J., and defendant appealed. Affirmed.

[1]Reported in 202 N. W. 724.

*Briggs, Weyl & Briggs* and *A. V. Junkin*, for appellant.
*Christofferson, Walsh, Christofferson & Jackson*, for respondent.

TAYLOR, C.

This is an action on a bond executed to plaintiff by the Consumers Grain Company as principal and by defendant as surety.

Plaintiff recovered a verdict. Defendant made an alternative motion for judgment notwithstanding the verdict or for a new trial. The motion for judgment was granted and plaintiff appealed. This court reversed the order for judgment and remanded the case to the district court to determine the motion for a new trial. Central Metropolitan Bank v. Fidelity & Casualty Co. 159 Minn. 28, 198 N. W. 137. The motion for a new trial was then denied and defendant appealed. As the facts are fully set forth in the former opinion an extended restatement of them is unnecessary.

The grain company borrowed money from plaintiff and pledged bills of lading for grain in transit as security therefor. To induce plaintiff to permit it to withdraw these bills of lading temporarily before paying the loans, it gave the bond in controversy. The bond recites that the grain company has represented to the bank that possession of the bills of lading is sometimes necessary in its business, and that it will give a receipt to the bank therefor to the effect that it will hold them in trust as agent for the bank, and will return them or account to the bank for their proceeds on demand. The condition of the bond is as follows:

"Now therefore, if the said Consumers Grain Company of St. Paul, Minnesota, shall promptly upon demand by said bank, deliver such original bill of lading or warehouse receipt to said bank, or a disposition order received therefor covering the ownership of the identical grain in the name of said bank, referred to in said bill of lading or if the grain represented by such bill of lading or warehouse receipt has been sold, shall promptly pay over to said bank the amount they received for said grain, in no greater sum however than the amount advanced on said bill of lading or warehouse receipt or substitute other bills of lading or instruments in lieu there-

of, if satisfactory to said bank, then this obligation shall be void; otherwise to remain in full force and effect."

The bond further provides:

"That the obligee after becoming aware of any act which may be made the basis of a claim hereunder or the discovery of facts indicating that a loss has probably been sustained shall within five days notify the surety of such act in writing by registered letter at its home office."

After giving the bond, the grain company wtihdrew many bills of lading, giving receipts therefor, termed trust receipts, which recited that the bills of lading were delivered to the grain company as agent of the bank for the purpose of obtaining from the joint agent of the railroad companies disposition orders for the grain covered thereby, and in which the grain company agreed as such agent "to endorse and deliver to said bank before the close of business this day, duplicate disposition orders duly receipted by such joint freight agent, covering said bills of lading and to effect the sale and delivery of said property and to pay over all proceeds derived therefrom as and when received by said bank to be by it applied on said loans and advances, it being expressly understood that said bills of lading, the duplicate disposition orders obtained in place thereof and all property represented by said bills of lading  *  *  *  shall be the property of said bank held in trust."

Defendant claimed that plaintiff failed to notify it of the defaults of the grain company as required by the bond and thereby released it from liability thereon.

It will be noted that by the terms of the bond the bills of lading or their proceeds are to be returned on demand, and that by the terms of the trust receipts they are to be returned before the close of business of the day on which they are withdrawn.

Defendant contended that the trust receipts became a part of the bond and fixed the date of the grain company's default. The court submitted that question to the jury, but, in granting the motion for judgment, ruled that the receipts became a part of the bond as a

matter of law. This court did not decide that question on the former appeal, but held that, even if the receipts were a part of the bond, the question of whether plaintiff had complied with its requirements was made a question for the jury by the evidence.

On the present appeal, defendant contends that submitting the case to the jury under instructions which would permit them to find that the trust receipts were not a part of the bond constituted reversible error. We are unable to sustain this contention. We are of opinion that these receipts were not a part of the bond. The form of the receipts was agreed upon by plaintiff and the grain company without consulting defendant. Although the grain company sent a copy of the form to defendant thereafter, defendant did nothing to approve or disapprove of the provisions therein, and plaintiff was not aware that defendant had been informed of those provisions.

Defendant's liability is measured by the terms of its bond. Although the bond recites that the grain company had agreed to give receipts containing certain conditions, it does not make defendant liable for a failure to perform the obligations stated in the receipts, but only for a failure to perform the obligations stated in the bond itself. Defendant became responsible for a breach of the conditions specified in the bond, and for nothing else. Its obligations are fixed by the bond and cannot be extended by any act of plaintiff or the grain company, nor by any provision they may have inserted in the receipts. The receipts were executed to evidence the agreement between plaintiff and the grain company, not as a part of the bond. That instrument was complete in itself. If plaintiff, for its own protection, saw fit to impose on the grain company conditions not contained in the bond, but which lessened the risk of loss, we see no reason why it could not do so. Such conditions, if complied with, would lessen the risk covered by the bond. While plaintiff could require the grain company to return the bills of lading on the same day on which they were withdrawn, it could not hold defendant liable for a failure to return them on that day, but only for a failure to return them on demand as provided in the bond. Of course if plaintiff had made an agreement with the grain company releasing

that company from any duty imposed upon it by the bond, a different question would be presented, but defendant concedes that the receipts contain nothing inconsistent with the bond. As the receipts did not become a part of the bond, the instructions challenged were without prejudice to defendant.

Defendant also contends that the evidence is not sufficient to sustain the verdict. That the evidence made a question for the jury was determined on the former appeal, and is not now an open question. The case was remanded for the trial court to pass upon the motion for a new trial. It denied the motion. Defendant was not entitled to a new trial as a matter of right, and the court was within its discretion in denying the motion.

Order affirmed.